Toomey, J.
Plaintiff Stephen Eaton has brought suit seeking payment of compensation allegedly due to him from the Town of Shrewsbury pursuant to a collective bargaining agreement. This case is now before the court on the Town’s motion for summary judgment. For the reasons that follow, the Town’s motion will be ALLOWED.
BACKGROUND
In 1988, Eaton was hired by the Town as a maintenance mechanic. He was protected under a collective bargaining agreement between the Town and the National Association of Government Employees. The agreement provided, under its sick leave terms, that
Employees injured in the performance of their assigned duties and receiving Workers’ Compensation may, upon request, be granted such sick leave allowance payment as will, when added to the amount of Workers’ Compensation, result in the payment to them of their full salary, provided, they have such sick leave credit.
The agreement further provided that “(t]his plan shall be as set forth in the Personnel By-Law, as from time to time amended.”
On September 24, 1990, Eaton sustained an injury to his back while performing work for the Town. Eaton was awarded workers’ compensation pay by the Department of Industrial Accidents. The Town paid Eaton, from September 24, 1990 to May 24, 1993, the difference between his workers’ compensation rate and his gross pay as required by the collective bargain-, ing agreement and the incorporated Personnel ByLaw.
At the annual meeting held on May 17, 1993, the Town unanimously voted:
that Section 19 of the consolidated Personnel Bylaw be amended by striking out the following:
h) Notwithstanding the aforementioned provisions, employees injured in the performance of their assigned duties which injury qualified them for Workmen’s Compensation shall receive such additional compensation as will, when added to the amount of Workmen’s Compensation, result in the payment to them of their full salary less deductions for federal and state incomes taxes.
and insert(ed) in place thereof:
h) Notwithstanding the aforementioned provisions, employees injured in the performance of their assigned duties which injury qualifies them for Workers’ Compensation shall receive one (1) week of additional compensation for each three (3) months of continuous service up to a maximum accumulation of fifty-two (52) weeks. Said additional compensation when added to the amount of Workers’ Compensation, shall result in the payment to the employee of his or her full salary.
The amendment was effective as of May 24, 1993.
After May 24, 1993, the Town no longer paid Eaton the difference between his workers’ compensation rate and his gross pay. Eaton did, however, continue to receive workers’ compensation benefits until July 24, 1996 when his case was “lump summed” out for $45,000.
*347 On April 22, 1993, Eaton agreed to dismiss his claim for payments due after May 24, 1993 in return for “a check in the sum of $3502.03, representing payments during 1993; and $4501.68, for payments due in 1992.” But, there remains a dispute as to the amount of money paid to Eaton by the Town for 1992 and 1993 and as to the actual terms of the agreement.[1]
By this lawsuit, Eaton seeks payment of the difference between his workers’ compensation rate and his gross pay from May 24,1993 — when the Town discontinued such payment for the asserted reason that the amended Personnel By-Law excused the payment — to July 24, 1996 — when his case was “lump summed” out. The Town responds that the amendment will enable it to prevail as a matter of law and that it ought to be awarded summary judgment upon Eaton’s claim.
DISCUSSION
Summary judgment will be granted where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue and that it is entitled to judgment in its favor. Pederson v. Time Inc., 404 Mass. 14, 16-17 (1989). With respect to any claim on which the party moving for summary judgment does not have the burden of proof at trial, that party may demonstrate the absence of a triable issue either by submitting affirmative evidence that negates an essential element of the opponent’s case or by “demonstrating that proof of that element is unlikely at trial.” Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991). “If the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact in order to defeat the motion for summary judgment.” Pederson, 404 Mass, at 17. The opposing party cannot rest on his or her pleadings and mere assertions of disputed facts to defeat the motion for summary judgment. LaLonde v. Eissner, 405 Mass. 207, 209 (1989).
The Town seeks summary judgment on two grounds. First, it contends that the matter has been settled because Eaton agreed to dismiss this action if the Town paid a certain amount for monies owed Eaton from 1992 and 1993. The Town maintains that it paid Eaton the amount owed and, therefore, there is no genuine issue of material fact that the settlement bars suit. This court is not, however, persuaded by the Town’s “settlement” theory of summary judgment because there remain genuine issues of material fact with respect to the amount of money paid by the Town and to the actual terms of the settlement agreement. See Footnote 1, supra.
Notwithstanding the existence of that factual dispute, this case does present an occasion for summary judgment. Under its alternative theory of summary judgment, the Town contends that the amended Personnel By-Law has retroactive effect and is thereby fatal to Eaton’s claim that his sick leave allowance, originating in the collective bargaining agreement, is untouched by the By-Law. Eaton asserts the contrary, but agrees with the Town that the controversy turns upon whether or not the amended Personnel By-Law can be applied retroactively. The parties are in accord, therefore, that, with respect to the second ground, there are no genuine issues of material fact, and the case may be decided on summary judgment.
Eaton rests upon his view that Madden v. Contributory Retirement Appeal Board, 431 Mass. 697 (2000), bars the retroactive application of the amended Personnel By-Law at bar. The Madden case addressed the retroactive application of a regulation promulgated in 1990 by the Teachers’ Retirement Board (TRB), which regulation prorated a teacher’s part-time service for purposes of calculating retirement benefits. See id. Prior to 1990, the regulation had not differentiated between part-time and full time service. Id. at 699. The Madden holding did not permit retroactive proration. Id. at 702. Eaton’s reliance on Madden is, however, misplaced.
Citing Opinion of the Justices, 364 Mass 847, 860 (1973), and G.L.c. 32, §25(5), the Madden Court noted that the Commonwealth’s retirement system created a contractual relationship between its members and the Commonwealth. Id. at 701. The Court concluded that plaintiffs pre-1990 part-time service could not be prorated because she had a contrary contractual expectation. Id. at 702. The Court then considered whether plaintiffs post-1990 part-time service could be prorated under the 1990 regulation. Id. The Court noted that, in so deciding, it was compelled to determine whether application of the 1990 regulation to plaintiffs post-1990 service constituted an impairment of vested contractual rights and, if so, whether the regulation was a reasonable modification to the retirement system. Id. at 702-03. The Court concluded that the regulation was a reasonable modification to the system, thus allowing the TRB to apply the 1990 regulation to plaintiffs post-1990 part-time service. Id. at 703.
Eaton relies on Madden (and other cases cited in his opposition) for the proposition that the Town’s May 24, 1993 amendment of its Personnel By-Law cannot deprive him of his vested contractual right to receive the difference between his workers’ compensation rate and his gross pay. In Madden, it was clear that the Commonwealth’s retirement system had indeed created a vested contractual right, see id. at 701, but, at bar, Eaton has not demonstrated that the Town’s system afforded him a similar right. Absent such a right, Eaton can find no support in Madden.
*348 The instant collective bargaining agreement provides that “[elmployees injured in the performance of their assigned duties and receiving Workers’ Compensation may, upon request, be granted such sick leave allowance payment as will, when added to the amount of Workers’ Compensation, result in the payment to them of their full salary, provided they have such sick leave credit.” The agreement further provides, however, that ”[t]his plan shall be as set forth in the Personnel By-Law, as from time to time amended.” (Emphasis added.) The featured language is compelling that the provision pertaining to workers’ compensation and sick leave under the collective bargaining agreement was intended to subject the agreement to amendment through the Town’s Personnel By-Law. Thus, Eaton could not have acquired an immutable contractual right to receive the difference in pay between his workers’ compensation benefits and his full salary because that very provision was subject to amendment. See McCarthy v. Sheriff of Suffolk County, 366 Mass. 779, 784 (1975) (employees did not have vested right to guaranteed employment where Legislature had power to change or do away with their positions). There being no vested right in Eaton, Madden is of no precedential value to him and does not preclude retroactive application of the Personnel ByLaw amendment. See id. at 781.
This court finds no genuine issue of material fact that the 1993 amendment to the Personnel By-Law can be applied by the Town to calculate Eaton’s entitlements from May 24, 1993 to July 24, 1996. See id.
ORDER
For the foregoing reasons, defendant Town of Shrewsbury’s motion for summary judgment is ALLOWED.

 The Town asserts that it paid the amount due to Eaton pursuant to the agreement. Eaton contends that the Town only paid a total of $474.50 for 1992 and 1993. Eaton further contends that the agreement was entered into with the understanding that the Town would continue to pay his weekly check.